1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10    C.D. ALSTON,

11              Plaintiff,                        No. CIV S-11-2079 JAM EFB PS

12         vs.

13    CITY OF SACRAMENTO; SACRAMENTO
      CITY POLICE DEPARTMENT; RICK
14    BRAZIEL; OFFICER PETERSON;
      SECURITY GUARD SCOTT; OFFICER
15    J. MEIGR; OFFICER STEWART;
      SUPERVISING SERGEANT ON SITE; and
16    DOES 1 to 10;

17              Defendants.                       FINDINGS AND RECOMMENDATIONS

18    _____/

19         This case, in which plaintiff is proceeding *in propria persona* and *in forma pauperis*, was

20    referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California

21    Local Rule 302(c)(21).  Plaintiff's complaint alleges claims under 42 U.S.C. § 1983 for violation

22    of plaintiff's Fourth and Fourteenth Amendment rights, as well as a variety of state law claims.

23    Dckt. No. 1.  Plaintiff contends that on June 19, 2011, she was legally parked in a public parking

24    lot and was erroneously accused of trespassing.  *Id.* ¶ 4.  She alleges that she was subsequently

25    detained for 50 minutes without probable cause and was forcibly arrested without cause.  *Id.*  She

26    contends that defendants subjected her to a false arrest, unlawful search and seizure, and

                                              1

unreasonable force.  *Id.* ¶ 6.  Defendants have not yet appeared in the action.

On November 8, 2011, plaintiff filed a motion for a temporary restraining order ("TRO"), and a preliminary injunction seeking to enjoin the City of Sacramento, the Sacramento City Police Department, the Sacramento County Sheriff's Department, and the Elk Grove Police Department from "committing further intrusions of plaintiff's rights."[1]  Dckt. Nos. 10, 11.  Plaintiff describes several encounters with law enforcement officers from those agencies and police departments, alleging illegal searches, detentions, arrests, and the use of excessive force.  Dckt. No. 11 at 4, 7-12.  Plaintiff states that there is a "definite likelihood that she will be targeted again" and claims that she "is in immediate danger and fears for her safety."  *Id.* at 4.

Plaintiff seeks to enjoin the above-listed agencies and police departments from (1) detaining plaintiff without probable cause, (2) forcibly restraining plaintiff without plaintiff displaying any type of violent behavior; (3) depriving plaintiff of her constitutional rights; (4) detaining plaintiff solely for identification purposes; (5) performing an illegal search on plaintiff's license plate; (6) threatening plaintiff; (7) damaging plaintiff's property; (8) failing to notify plaintiff of the reasons for her detainment; (9) assaulting plaintiff; and (10) approaching plaintiff for pretextual reasons.  Dckt. No. 11-3 at 2.

"The standards for granting a temporary restraining order and a preliminary injunction are identical."  *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order).  A party seeking preliminary injunctive relief must

---

[1] The undersigned notes that plaintiff recently sought a similar TRO and preliminary injunction in two other actions currently pending before this court, and in each of those actions, the assigned magistrate judge recommended that the application be denied.  *See Alston v. City of Elk Grove, et al.*, 2:11-cv-0678-KJM-CKD, Dckt. Nos. 14, 23 (application filed July 6, 2011; findings and recommendations filed November 15, 2011); *Alston v. Tassone, et al.*, 2:11-cv-2078-JAM-GGH, Dckt. Nos. 9, 10 (application filed November 10, 2011; findings and recommendations filed November 15, 2011).

1    demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

2    in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

3    injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.

4    2009) (citing *Winter v. Natural Res. Def. Council, Inc*., __ U.S. __, 129 S.Ct. 365, 374 (2008)).

5    The Ninth Circuit has also held that "sliding scale" approach it applies to preliminary injunctions

6    as to the required showing a plaintiff must make regarding his chances of success on the merits

7    survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, __ F.3d __,

8    2010 WL 2926463, *3-4  (filed July 28, 2010).   Under this sliding scale, the elements of the

9    preliminary injunction test are balanced.  As it relates to the merits analysis, a stronger showing

10   of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the

11   merits.  *Id*.

12          Here, plaintiff fails to meet these requirements.  As an initial matter, plaintiff's motion

13   requests injunctive relief against entities that have not been named as parties, including the

14   Sacramento County Sheriff's Department and the Elk Grove Police Department.  Her motion

15   does not identify any grounds for seeking relief as against there parties.  The court's records

16   reveal that, apart from the instant action, plaintiff has filed actions against several different

17   agencies and police departments in the broader Sacramento metropolitan area.  *See Alston v. City*

18   *of Elk Grove, et al.*, 2:11-cv-0678-KJM-CKD (involving the City of Elk Grove and the Elk

19   Grove Police Department); *Alston v. Wurster, et al.,* 2:11-cv-2077-KJM-GGH (involving

20   Sacramento County, the El Dorado County Sheriff's Department, Amador County, Alpine

21   County, and the California Department of Fish and Game); *Alston v. Tassone*, *et al.*, 2:11-cv-

22   2078-JAM-GGH (involving the County of Sacramento and the Sacramento County Sheriff's

23   Department); *Alston v. City of Sacramento, et al.*, 2:11-cv-2079- JAM-EFB (involving the City

24   of Sacramento and the Sacramento City Police Department); and *Alston v. Sacramento County*

25   *Sheriff Department, et al.*, 2:11-cv-2281-GEB-GGH (involving Sacramento County and the

26   Sacramento County Sheriff's Department).  Plaintiff appears to be improperly incorporating

3

1   many of those claims and entities into the instant motion.

2          Moreover, plaintiff fails to show that she is likely to suffer irreparable harm in the

3   absence of preliminary relief.  While plaintiff allegedly had several dissatisfactory experiences

4   with law enforcement officials, these encounters have been with different police officers and

5   different police departments.  Apart from plaintiff's general belief that she will be targeted again

6   for a search, detention, or arrest, there is no evidence that several police departments in the

7   Sacramento area are engaging in a coordinated effort to violate plaintiff's constitutional rights.

8   The injunctive relief requested is also overly broad and impermissibly vague.  *See* Dckt. No. 11-

9   3, at 2.

10         Finally, plaintiff has an adequate remedy at law, namely, her several actions under 42

11  U.S.C. § 1983, during which plaintiff will have an opportunity to have her claims against the

12  various defendants adjudicated on the merits.  Presently, however, plaintiff fails to make a clear

13  showing that she is entitled to the extraordinary remedy of a TRO or a preliminary injunction.

14         Accordingly, it is HEREBY RECOMMENDED that plaintiff's motion for a temporary

15  restraining order and for a preliminary injunction, Dckt. No. 10, be denied.

16         These findings and recommendations are submitted to the United States District Judge

17  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

18  after being served with these findings and recommendations, any party may file written

19  objections with the court and serve a copy on all parties.  Such a document should be captioned

20  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

21  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

22  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

23  DATED:  November 18, 2011.

24                                              EDMUND F. BRENNAN
25                                              UNITED STATES MAGISTRATE JUDGE
26

4