IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CD ALSTON,

      Plaintiff,                              No. CIV S-11-2079 JAM EFB PS

      vs.

CITY OF SACRAMENTO; SACRAMENTO CITY POLICE DEPARTMENT; RICK BRAZIEL; OFFICER PETERSON; SECURITY GUARD SCOTT; OFFICER J. MEIGR; OFFICER STEWART; SUPERVISING SERGEANT ON SITE; and DOES 1 to 10;

      Defendants.                    <u>ORDER</u>
_____/

On April 24, 2012, defendants City of Sacramento, Rick Braziel, Jason Meier, Andrew Stewart, Erin Peterson, and Dan Farnsworth filed a motion to compel plaintiff to provide her initial disclosures, as required by Federal Rule of Civil Procedure 26(a), as well as a request for $150.00 in sanctions. Dckt. No. 34. The motion was noticed for hearing on May 30, 2012. *Id.* On April 25, 2012, defendant Scott Fletcher (sued as Security Guard Scott) joined in the motion. Dckt. No. 35.

Because plaintiff has completely failed to respond to defendants' requests that she provide her initial disclosures and to the order requiring that initial disclosures be provided by

1

March 16, 2012, Dckt. No. 33 at 4, Eastern District of California Local Rule 251(e) applies. *See* E.D. Cal. L.R. 251(e) (providing that the requirement that the parties file a Joint Statement re Discovery Disagreement does not apply "when there has been a complete and total failure to respond to a discovery request or order"). Under Local Rule 251(e), a responding party must file a response to the discovery motion at issue no later than seven days before the hearing date, or in this instance, by May 23, 2012.

The deadline has passed and plaintiff has not filed a response to defendants' motion. Therefore, plaintiff will not be entitled to be heard on the motion, and the hearing on the motion will be vacated.

Federal Rule of Civil Procedure 37(a)(3)(A) provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Defendants' motion provides that plaintiff still has not served defendants with her initial disclosures, even though plaintiff was ordered to provide them on or before March 16, 2012 and defendants requested that plaintiff do so. Chapman Decl., Dckt. No. 34-2, ¶¶ 2-3; *see also* Dckt. No. 33 at 4. Nor has plaintiff provided any valid excuse the failure to do so since plaintiff failed to respond to the motion to compel. Accordingly, defendants' motion to compel will be granted, and plaintiff will be ordered to provide defendants with her initial disclosures within fourteen days.

Defendants also request that they be awarded $150.00 for the reasonable expenses and attorney's fees they incurred by filing the motion to compel. Dckt. No. 34 at 1. Rule 37(a)(5)(A) provides that if a motion to compel is granted, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A). Additionally, Rule 37(b)(2)(C) provides that a party who fails to comply with a court's discovery order must pay the reasonable expenses caused by that failure. Fed. R. Civ. P. 37(b)(2)(C). However, Rules 37(a)(5)(A)(iii) and 37(b)(2)(C) also provide that a court should not require the payment of expenses if the

"circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii); Fed. R. Civ. P. 37(b)(2)(C). Although plaintiff has provided no justification for her failure to timely provide her initial disclosures to defendants, in light of plaintiff's *pro se* and *in forma pauperis* status, the court declines to award expenses at this time. However, plaintiff is admonished that failure to comply with this order and/or failure to comply with future orders, the Local Rules, or the Federal Rules of Civil Procedure may result in the imposition of sanctions, including dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel plaintiff to provide her initial disclosures, as required by Federal Rule of Civil Procedure 26(a), Dckt. No. 34, is granted, and the May 30, 2012 hearing thereon is vacated.

2. Within fourteen days of the date of this order, plaintiff shall serve defendants with her initial disclosures, as required by Federal Rule of Civil Procedure 26(a).

3. Plaintiff is admonished that failure to comply with this order and/or continued failures to comply with the Local Rules and/or the Federal Rules of Civil Procedure may result in the imposition of sanctions, including monetary sanctions and/or terminating sanctions. *See* E.D. Cal. L.R. 110; Fed. R. Civ. P. 37(b)(2).

SO ORDERED.

DATED: May 25, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE