IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CD ALSTON,

    Plaintiff,

vs.

CITY OF SACRAMENTO; SACRAMENTO CITY POLICE DEPARTMENT; RICK BRAZIEL; OFFICER PETERSON; SECURITY GUARD SCOTT; OFFICER J. MEIGR; OFFICER STEWART; SUPERVISING SERGEANT ON SITE; and DOES 1 to 10;

    Defendants.

No. 2:11-cv-2079-JAM-EFB PS

ORDER

On June 20, 2012, defendants City of Sacramento, Rick Braziel, Jason Meier, Andrew Stewart, Erin Peterson, and Dan Farnsworth filed a motion for an order imposing terminating sanctions, striking the complaint, or dismissing this action based on plaintiff's failure to provide initial disclosures and violation of this court's discovery orders.[1]  Dckt. No. 37.  In the

---

[1] On February 22, 2012, the court issued a status (pretrial scheduling) order, wherein the parties were ordered to provide initial disclosures pursuant to Federal Rules of Civil Procedure Rule 26 on or before March 16, 2012. Dckt. No. 33. After plaintiff failed to provide her initial disclosures and failed to respond to defendants' informal requests for those disclosures, the court granted defendants' motion to compel her to provide them. Dckt. No. 36. The order required

1

alternative, defendants seek evidentiary sanctions precluding plaintiff from supporting or offering evidence in support of the claims alleged in the complaint, and monetary sanctions in the amount of $300 against plaintiff. *Id.* Defendants noticed the motion for hearing on July 11, 2012. *Id.* Defendant Scott Fletcher (sued as Security Guard Scott) filed a similar motion on June 20, 2012 and also noticed the motion for hearing on July 11, 2012. Dckt. No. 38.

On June 22, 2012, plaintiff filed a "Motion to Request Leave," in which she "requests leave of court" because she is a defendant in two ongoing criminal proceedings. Dckt. No. 39. Plaintiff contends that she "is currently facing substantial jail time and is using all of her resources defending herself pro se in one of the two criminal proceedings and is extremely involved in the other case where she has retained representation." *Id.* at 2. Plaintiff therefore "requests that the court grant Plaintiff leave of court until her criminal trial is concluded." *Id.* at 3. Although it is not entirely clear what relief plaintiff seeks from this court, it appears she is seeking to stay this civil action until her criminal proceedings have concluded. However, plaintiff has provided no authority in support of such a stay and has not demonstrated that such a stay is warranted. Therefore, plaintiff's request for leave, which is construed as a request to stay this action, will be denied.

Although the request for leave will be denied, in light of plaintiff's representations regarding the pending criminal actions, plaintiff will be granted additional time to respond to the two motions for sanctions and the July 11, 2012 hearing on those motions will be continued.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's "Motion to Request Leave," which is construed as a request to stay this action, Dckt. No. 39, is denied.

////

---

plaintiff to provide initial disclosures within fourteen days, or by June 8, 2012. *Id.* at 3. The order also admonished plaintiff that failure to comply with that order and/or failure to comply with future orders, the Local Rules, or the Federal Rules of Civil Procedure may result in the imposition of sanctions, including dismissal of this action. *Id.*

2

2. The July 11, 2012 hearings on defendants' two pending motions for sanctions are continued to August 22, 2012 at 10:00 a.m. in Courtroom No. 24.

3. On or before August 8, 2012, plaintiff shall either file a response to the motions for sanctions, file a stipulation for dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), or request that this action be dismissed without prejudice pursuant to Rule 41(a)(2).

4. If plaintiff files an opposition to the motions for sanctions, defendants may file a reply thereto on or before August 15, 2012.

5. Plaintiff is admonished that failure to comply with this order and/or continued failures to comply with the Local Rules and/or the Federal Rules of Civil Procedure may result in the imposition of sanctions, including monetary sanctions and/or terminating sanctions. *See* E.D. Cal. L.R. 110; Fed. R. Civ. P. 37(b)(2).

SO ORDERED.

DATED: June 27, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE