IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CD ALSTON,

    Plaintiff,

vs.

CITY OF SACRAMENTO; SACRAMENTO CITY POLICE DEPARTMENT; RICK BRAZIEL; OFFICER PETERSON; SECURITY GUARD SCOTT; OFFICER J. MEIGR; OFFICER STEWART; SUPERVISING SERGEANT ON SITE; and DOES 1 to 10;

    Defendants.

No. 2:11-cv-2079-JAM-EFB PS

<u>ORDER AND</u>
<u>FINDINGS AND RECOMMENDATIONS</u>

    On June 20, 2012, defendants City of Sacramento, Rick Braziel, Jason Meier, Andrew Stewart, Erin Peterson, and Dan Farnsworth filed a motion for an order imposing terminating sanctions, striking the complaint, or dismissing this action based on plaintiff's failure to provide initial disclosures and violation of this court's discovery orders.[1] Dckt. No. 37. In the

---

[1] On February 22, 2012, the court issued a status (pretrial scheduling) order, wherein the parties were ordered to provide initial disclosures pursuant to Federal Rules of Civil Procedure Rule 26 on or before March 16, 2012. Dckt. No. 33. After plaintiff failed to provide her initial disclosures and failed to respond to defendants' informal requests for those disclosures, the court granted defendants' motion to compel her to provide them. Dckt. No. 36. The order required plaintiff to provide initial disclosures within fourteen days, or by June 8, 2012. *Id.* at 3. The

1 alternative, defendants seek evidentiary sanctions precluding plaintiff from supporting or
2 offering evidence in support of the claims alleged in the complaint, and monetary sanctions in
3 the amount of $300 against plaintiff.  *Id.*  Defendants noticed the motion for hearing on July 11,
4 2012.  *Id.*  Defendant Scott Fletcher (sued as Security Guard Scott) filed a similar motion on
5 June 20, 2012 and also noticed the motion for hearing on July 11, 2012.  Dckt. No. 38.

6    On June 22, 2012, plaintiff filed a "Motion to Request Leave," in which plaintiff sought
7 to stay this civil action until two pending criminal proceedings against her were concluded.
8 Dckt. No. 39.  On June 27, 2012, the request for leave was construed as a request to stay and was
9 denied.  Dckt. No. 40 at 2.  However, in light of plaintiff's representations regarding the pending
10 criminal actions, plaintiff was granted additional time (until August 8, 2012) to respond to the
11 two motions for sanctions and the July 11, 2012 hearing on those motions was continued to
12 August 22, 2012.  *Id.* at 2, 3.  Plaintiff was "admonished that failure to comply with this order
13 and/or continued failures to comply with the Local Rules and/or the Federal Rules of Civil
14 Procedure may result in the imposition of sanctions, including monetary sanctions and/or
15 terminating sanctions.  *See* E.D. Cal. L.R. 110; Fed. R. Civ. P. 37(b)(2)."  *Id.* at 3.

16    The deadline has now passed and plaintiff has not filed any response to the June 27, 2012
17 order or any response to the two pending motions for sanctions.[2]  Nor has plaintiff complied with
18 this court's February 22, 2012 and May 25, 2012 orders, or Federal Rule of Civil Procedure 26.
19 Dckt. Nos. 33, 36.  In light of plaintiff's failures, the undersigned will recommend that this
20 action be dismissed with prejudice for failure to prosecute the action, for failure to comply with
21 court orders and Local Rules, and for failure to comply with the Federal Rules of Civil

---

23 order also admonished plaintiff that failure to comply with that order and/or failure to comply with future orders, the Local Rules, or the Federal Rules of Civil Procedure may result in the imposition of sanctions, including dismissal of this action.  *Id.*

25 [2] Although it appears from the file that plaintiff's copy of the May 25, 2012 and June 27, 2012 orders were returned, plaintiff was properly served.  It is plaintiff's responsibility to keep the court apprised of her current address at all times.  Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

Procedure.  *See* Fed. R. Civ. P. 41(b), 37(b)(2); L.R. 110.

Accordingly, IT IS HEREBY ORDERED that the hearing date of August 22, 2012 on defendants' motions for sanctions, Dckt. Nos. 37 and 38, is vacated.

IT IS FURTHER RECOMMENDED that:

1.  This action be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 41(b) and 37(b)(2) and Local Rule 110 for failure to prosecute the action, for failure to comply with court orders and Local Rules, and for failure to comply with the Federal Rules of Civil Procedure;

2.  Defendants' motions for terminating sanctions, Dckt. Nos. 37 and 38, be denied as moot; and

3.  The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 16, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE